IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michele Di Cosola and Paula Joanne Di Cosola<br><br>PLAINTIFFS<br><br>vs.<br><br>CitiMortgage, Inc., et al.<br><br>DEFENDANTS | Case No. 11 CV 2308<br><br>Honorable Gary Feinerman |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND TO EXTEND TIME TO
RESPOND TO REQUESTS FOR ADMISSIONS**

**NOW COMES** CODILIS & ASSOCIATES, P.C., ERNEST J. CODILIS, JR., BERTON J. MALEY, AND JANET AUGUSTYN, (hereinafter "Movants"), by and through their attorneys, Codilis & Associates, P.C., and moves this Honorable Court for an Order Dismissing this proceeding pursuant to Fed. R. Civ P. 12(b) for lack of subject matter jurisdiction and/or for failure to state claim upon which relief can be granted and an Order Extending Time to Respond to Requests to Admit pursuant to Fed. R. Civ P. 36 (a)(3), and in support thereof states as follows:

**Statement of Facts**

On October 22, 2008, the Michele Di Cosola and Paula Wrobel a/k/a Paula Joanne Di Cosola (hereinafter "Di Cosolas") executed a note and mortgage in the amount of $417,000.00 in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for CitiMortgage, Inc. (See Exhibit A, "Note" and Exhibit B "Mortgage", attached hereto and incorporated by reference). The mortgage was properly recorded as document number R2008-162171 with the DuPage County Recorder (Exhibit B "Mortgage") and subsequently assigned to CitiMortgage, Inc. (See Exhibit C, "Assignment of Mortgage", attached hereto and incorporated by reference). CitiMortgage, Inc. commenced a proceeding in state court to enforce that mortgage, and the Di Cosolas filed an

1

answer, various notices of default and demands for payment and a counterclaim for $13 million dollars. CitiMortgage, Inc. obtained entry of orders of summary judgment and judgment of foreclosure and sale pursuant to said note and mortgage in the Circuit Court for the 18th Judicial Circuit of Illinois (DuPage County) on January 11, 2010 (See Exhibit D, "Judgment of Foreclosure", attached hereto and incorporated by reference). An order was also entered on January 11, 2011, dismissing the counterclaim filed by the Di Cosolas. (See Exhibit E, "Order", attached hereto and incorporated by reference). Since that time, the foreclosure sale has been delayed multiple times by the filing of various bankruptcy proceedings.

On June 15, 2010, a bankruptcy was filed by both DiCosolas, Chapter 13 number 10-26915. As a consequence the sale scheduled for June 17, 2010 was cancelled. The bankruptcy case was dismissed on July 16, 2010, as based on debtors schedules filed under oath, debtors were not eligible for Chapter 13 relief. A new foreclosure sale date was scheduled for November 4, 2010.

On November 3, 2010, a Chapter 15 bankruptcy proceeding [case number 10-49437] was filed by Michele DiCosola causing the Sheriff to refuse to hold the foreclosure sale. Sale was continued to December 21, 2010 to permit us time to get a court order confirming no stay was in effect. The DiCosolas also filed an adversary proceeding related to the bankruptcy [case number 10-ap-002241] which named movants Codilis & Associates, P.C. and Ernest J. Codilis, Jr. and multiple other parties personally as defendants. Both the Chapter 15 proceeding and the related adversary were dismissed on November 17, 2010.

On December 20, 2010, another bankruptcy petition was filed – Chapter 11 number 10-55962 filed by Paula DiCosola. As a consequence, the scheduled foreclosure sale was cancelled. This honorable court entered an order from bankruptcy court confirming that no automatic stay was in effect on February 1, 2011, and the foreclosure sale was rescheduled. On March 9, 2011, the bankruptcy court entered orders denying a motion to vacate the comfort order of February 1, 2011,

2

and a motion to avoid lien. Paula Di Cosola has filed a notice of appeal of the order denying the motion to avoid lien.

On April 5, 2011, the Di Cosolas filed a complaint in the U.S. District Court for the Northern District of Illinois, case number 11-cv-02308. On April 6, 2011, the Di Cosolas presented an emergency motion for "temporary or perpetual injunctive relief and declaratory judgment or trial by jury" in the district court case which was denied by this Honorable Court. (See Exhibit F, "Feinerman Order", attached hereto and incorporated by reference).

On April 8, 2011, the Di Cosolas filed an adversary proceeding in the bankruptcy court using a complaint that is substantially similar to the complaint filed in District Court. On April 12, 2011, the Di Cosolas presented an emergency motion for "temporary or perpetual injunctive relief and declaratory judgment or trial by jury" in the bankruptcy court. The motion was denied for reasons stated on the record. Defendants did not appear at either emergency motion due to lack of adequate notice.

On April 14, 2011, the subject property was sold at a foreclosure sale. A third party possessed the high bid at the sale. A motion to confirm the foreclosure sale is currently scheduled in for April 29, 2011 in state court.

**ARGUMENT**

The Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction

Although the complaint filed by the Di Cosolas is extraordinarily lengthy and confusing and replete with baseless legal conclusions, the heart of the complaint appears to be a challenge to the state court foreclosure proceedings. As indicated by the Di Cosola's themselves in presenting their "motion for temporary or perpetual injunctive relief and declaratory judgment or trial by jury" before this Honorable Court, "[t]he state court proceedings, as the Plaintiffs themselves state, 'are the subject of this case.'" [See Exhibit F, "Feinerman Order", page 2.] Even the alleged federal

3

Case: 1:11-cv-02308 Document #: 18 Filed: 04/22/11 Page 4 of 10 PageID #:620

issues are issues which the Di Cosolas admit were litigated in the state court foreclosure proceedings.

> "Plaintiffs stated during the hearing that they presented their federal claims to the state court judge, who rejected them. Although Plaintiffs believe that the state court judge acted improperly in rejecting their federal arguments, their remedy lies with the Appellate Court of Illinois, the Supreme Court of Illinois, and with the Supreme Court of the United States, not with the federal district court."
> [See Exhibit F, "Feinerman Order", page 2.]

As this Honorable Court ruled when denying the Di Cosola's motion, "a federal court should not interfere with foreclosure judgments issued by a state court. See, e.g., *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (Rooker-Feldman doctrine acts as a jurisdictional bar where "absent the state court's judgment evicting him from his property, Mr. Holt would not have the injury he now seeks to redress"); *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994)." [See Exhibit F, "Feinerman Order", page 1.]

　　The complaint herein lists a wide variety of baseless claims and spurious doctrines under which they claim they are entitled to relief, including: "TILA Disclosure Request; Execution of Cancellation by way of Notice of Right to Cancel; Notice of perfected allodium/allodial land patent at law, Declaration of Homestead, default of: Validation of Debt Request; CEASE and DESIST; Revocation of Power of Attorney; Real Estate Settlement Procedures Act (RESPA-QWR) Qualified Written Request; Motion for Avoidance; International Statute Staple Commercial Lien via Notary Presentment and Protest; and Void Judgment, due to am Negative Averment entered as of Court of Record, in Common law, at Trial Court, dishonored by way of non response". Even if the Di Cosolas were able to present claims under any of these "theories" with properly pled allegations, as indicated in the complaint itself, all of these documents/theories were presented to Judge Cerne and Judge Gibson, the state court foreclosure judges. (See, Complaint, pages 6-7, under heading Affidavit and Declaration of Facts First Cause of Action".)

4

All possible causes of action pled in the complaint were the subject of litigation in the state court proceeding. In the state court proceedings, orders were entered dismissing the Di Cosolas' counterclaim and granting CitiMortgage Summary Judgment. All of the Di Cosolas' claims must therefore be dismissed under the doctrines of res judicata and/or the *Rooker-Feldman* Doctrine. The doctrine of res judicata gives finality to legal proceedings by preventing a party from relitigating a cause of action. See *Knupfer v. Wolfberg*, 255 B.R. 879, 881-82, (B.A.P. (9th Cir. 2000). The *Rooker-Feldman* Doctrine generally "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002)*. Even alleged federal claims "that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are 'inextricably intertwined' with a state court judgment." *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004) (quoting Brokaw, 305 F.3d at 664). As the Di Cosolas themselves have previously indicated to this Honorable Court, the state court proceedings are the subject of this case and even the Di Cosola's alleged federal claims were presented and rejected in state court.

Since the "claims" asserted in the complaint have already been ruled upon by the state court and/or are inextricably intertwined with the state court judgment, this court does not have subject matter jurisdiction to hear the case and it must be dismissed.

<u>The Complaint Should be Dismissed for Failure to State a<br>Claim upon which Relief Can be Granted</u>

Assuming in arguendo that the proceeding was not dismissed in its entirety due to lack of subject matter jurisdiction, the case should still be dismissed for failure to state a claim upon which relief can be granted. Under the legal standard applicable for sufficiency of a complaint, the complaint in this proceeding clearly fails.

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), the test of a complaint's sufficiency is whether if the allegations of the complaint are accepted as true and construed liberally in favor of the plaintiff, "the complaint fails to allege enough facts to state a claim for relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 1127 S. Ct. 1955 (2007). This standard does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, at 555.

Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Iqbal* at 1949 citing *Twombly*. These cases are binding authority in the 7th Circuit which following *Twombly*, held that "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of cause of action will not do." *Killingsworth b. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007), *citing Twombly*.

The Di Cosolas have filed a complaint that is over 70 pages long filled with lists of imagined causes of action, baseless legal conclusions, random quotes from various legal, quasi-legal or internet sources – including several pages of random mortgage industry related definitions from the internet. Attached to the complaint are literally hundreds of pages of exhibits including what appear to be entire chapters of economics text books.

A complaint "must be presented with intelligibility sufficient for a court of opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbrider Merchant Services, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). A complaint that is extended to great, unnecessary, or tedious length and/or confusing makes it difficult for the defendant to file a responsive pleading

6

and makes it difficult for the trial court to conduct orderly litigation. *Id*. At 775-776. Courts should not allow plaintiffs to "plead by means of obfuscation". *Id*. At 776.

Moreover, many of the claims or theories espoused by the Di Cosolas demonstrate that they are pursuing claims that American courts and law universally regard as ineffective. A compendium of the history and relevant judicial authority regarding these tactics can be found in Chuck A. Ericksen, et. al., T*he Anti-Government Movement Today, Future Trends in State Courts*, Williamsburg, VA: National Center for State Courts, 2006. See also, *U.S. v. Mitchell*, 405 F. Supp. 2d 602, 605 (Md. 2005); *U.S. v. Sloan*, 939 F.2d 499, 500 (7th Cir. 1991); *Damron v. Yellow Freight System, Inc.*, 18 F. Supp. 2d 812, 818 (E.D. Tenn. 1998); *State of Wisconsin v. Glick*, 782 F.2d 670 (7th Cir. 1986); *Pathway Financial v. Beach*, 162 Ill. App. 3d 1036, 516 N.E.2d 409 (1st Dist. 1987); *Britt v. Federal Land Bank. Assoc.*, 153 Ill. App. 3d 605 (2nd Dist. 1987); <u>Hilgeford v. Peoples Bank</u>, 607 F. Supp. 536 (N.D. Ind. 1985); *Hilgeford v. Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985).

Many of the defendants are not even mentioned in the body of the complaint (including most of the Movants herein). Based on the complaint filed, it is impossible for the defendants to determine what action or inaction of theirs is complained of. The Seventh Circuit has held that in order to survive a motion to dismiss under Rile 12(b)(6), the complaint must provide fair notice of the claim and the grounds upon which it rests so that a defendant can prepare his defense. *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006). Clearly, the complaint in this proceeding does not meet this standard, and must be dismissed.

<u>Movants Should be Dismissed As Parties for Failure to State a
Claim upon which Relief Can be Granted</u>

Even assuming in arguendo that the entire case is not dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted, movants herein should be dismissed as party defendants for failure to state a claim upon which relief can be granted against them.

Defendants Berton J. Maley and Janet Augustyn, both employees of Codilis & Associates, P.C. , though named as defendants in the case caption are not even mentioned in the body of the complaint. Defendant Ernest J. Codilis, Jr., President of Codilis & Associates, P.C. is mentioned only once in the body of the complaint. This mention occurs at page 19 and makes no factual allegation regarding a claim against Mr. Codilis, but merely recites his name as intended recipient of a spurious document of no legal impact. While Codilis & Associates, P.C. is mentioned several times in the complaint (usually referred to simply as "CODILIS"), the statements with respect to Codilis & Associates, P.C. outline activities that law firm took in connection with state court and prior bankruptcy court litigation in representation of CitiMortgage, Inc. Any actions taken with respect to proceedings in matters previously ruled upon by the state court are protected by both the doctrine of res judicata and *Rooker-Feldman* and any actions that the law firm took in connection with previously ruled upon matters before the bankruptcy court are protected by res judicata.

Most allegations directly related to the actions purported to give some right of recovery are made as to "Defendants" or "alleged creditors". No specific factual allegations are made as to the movants herein of any action or inaction which would give rise to a claim against any of them for which relief could be afforded by this court. To the extent that anything in the complaint could be construed as implying negligence or breach of some duty alleged to be owed by the Movants to the Di Cosolas, no such duty could be owed. The general rule in Illinois is that an attorney can only be liable in negligence to his client and not to non-client third parties. *Gale v. Williams*, 299 Ill. App.

8

3d 381, 384, 701 N.W.2d 808 (3d Dist. 1998). The reason for the "privity rule" is to protect the personal, highly confidential and fiduciary nature of the attorney-client relationship. *Schechter v. Blank*, 254 Ill. App. 3d 506, 563 (1st Dist. 1993). Since an attorney must represent his client with zeal and undivided loyalty in adversarial matters, he cannot have fiduciary duties to third parties that leave him vulnerable to liability. *Id*, citing *Gold v. Vasilef*, 160 Ill. App. 3d 125, 127-28, 112 Ill. Dec. 32, 34, 513 N.E.2d 446, 448 (1987).

Even if, for some reason, the court did not dismiss the adversary proceeding in its entirety, movants Codilis & Associates, P.C., Ernest J. Codilis, Jr., Berton J. Maley, and Janet Augustyn should be dismissed as defendants.

<u>The Time for All Defendants to Respond to Requests to Admit Should be Extended Pending Resolution of Motions to Dismiss</u>

Along with their complaint in this proceeding, the Di Cosolas have filed and caused to be served on all defendants twenty-one pages of "Requests for Admissions Rule 36". The document was apparently served on all defendants, though it is not clear whether it is directed at one, some, or all of the defendants named in the complaint. The document contains 112 statements, many of which are spurious legal conclusions rather than factual in nature and some of which are confusing or virtually incomprehensible.

To require each of the over one dozen defendants to respond to the request to admit would be highly burdensome. Moreover those responses would likely include numerous objections, motions to strike, etc and would likely engender increased litigation, burdening the courts resources as well as those of the parties. Pursuant to Fed. R. Civ P. 36 (a)(3), the court has the authority and discretion to lengthen the time to responds to such requests. To avoid unnecessary burden on all parties and on the court, it is appropriate and equitable in this case to extend that time period pending ruling this and any other motions to dismiss which may be filed.

9

**WHEREFORE,** CODILIS & ASSOCIATES, P.C., ERNEST J. CODILIS, JR., BERTON J. MALEY, AND JANET AUGUSTYN, pray this Honorable Court for an

1) An order dismissing the proceeding pursuant to Fed. R. Civ P. 12(b)(1) in its entirety for lack of subject matter jurisdiction pursuant to the Res Judicata and/or *Rooker-Feldman* Doctrines;

2) An Order Dismissing this proceeding pursuant to Fed. R. Civ P. 12(b)(6) for failure to state a claim upon which relief can be granted,

3) An Order Dismissing Movants as defendants to the proceeding in the event the proceeding is not dismissed in its entirety;

4) An Order Extending Time to Respond to Requests to Admit until after all motions to dismiss are resolved pursuant to Fed. R. Civ P. 36 (a)(3), and

5) For such other and further relief as the court deems appropriate.

Dated this April 15, 2011.

Respectfully Submitted,

By: /s/ Berton J. Maley

Berton J. Maley  ARDC#6209399
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE ( 14-09-15065)**

**NOTE: This law firm is deemed to be a debt collector.**

10