UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHELE DI COSOLA and PAULA JOANNE DI COSOLA, <br><br> Plaintiff, <br><br> vs. <br><br> CITIMORTGAGE, INC., SINJIV DAS, PAUL INCE, GARY CRITTENDEN, JANET L. SIMS, MICHAEL E. BURNS, CODILIS AND ASSOCIATES, P.C., ERNEST CODILIS, JANET AUGUSTYNE, BERTON J. MALEY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., KIM KRAKOVIAK, INGRED WHITTY, and ACQUEST TITLE SERVICING, LLC, <br><br> Defendants. | 11 C 2308 <br><br> Judge Feinerman |

**MEMORANDUM OPINION AND ORDER**

On Defendants' motions, the court dismissed Plaintiffs' 73-page original complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a). Plaintiffs responded by filing a 74-page amended complaint. Two sets of Defendants have again moved to dismiss. The motions are granted.

The court acknowledges Plaintiffs' sincerely held view that Defendants and the Circuit Court of DuPage County committed various wrongs against them. That said, it cannot be overlooked that all of Plaintiffs' submissions are written in an impenetrably dense, jargon-laden, and largely unintelligible prose. This is true of Plaintiffs' initial and amended complaints, and also of Plaintiffs' 78-page brief opposing the pending motions to dismiss. That brief, despite being more than five times the permitted length, fails to respond substantively to Defendants'

arguments for dismissal. Accordingly, Plaintiffs have forfeited any arguments they might have had against dismissal. *See Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (where plaintiff "did not present legal arguments or cite relevant authority to substantiate [his] claim in responding to defendants' motion to dismiss," his "claim has been waived"); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss ... [plaintiff] forfeited her right to continue litigating her claim"); *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants.") (internal citations omitted).

Although it is difficult to determine the precise nature of Plaintiffs' claims, they appear to challenge foreclosure orders entered by the Circuit Court of DuPage County and actions taken by Defendants in accordance with those orders. Such claims are barred by the *Rooker-Feldman* doctrine, which "precludes lower federal court jurisdiction over claims seeking review of state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). The doctrine applies with full force where, as here, a plaintiff challenges state court foreclosure orders and actions taken by the federal defendants in accordance with such orders. *See, e.g.*, *Holt v. Lake Cnty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (*Rooker-Feldman* applies where, "absent the state court's judgment evicting him from his property, [the plaintiff] would not have the injury he now seeks to redress"); *Wright v. Tackett*, 39 F.3d 155, 157 (7th Cir. 1994) (*Rooker-Feldman* bars 42 U.S.C. §§ 1983, 1985, and 1986 claims where the plaintiff essentially seeks review of the "state court's denial of his requests to intervene in the foreclosure actions"); *GASH*

*Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728-29 (7th Cir. 1993) (claim barred by *Rooker-Feldman* where the plaintiff's injury "came from the judgment confirming the [foreclosure] sale"); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (*Rooker-Feldman* bars § 1983 suit challenging foreclosure judgment: "[B]ut for the tax lien foreclosure judgment in Rock County Circuit Court … [the plaintiffs] would have suffered no injury. The state court proceedings, as the Plaintiffs themselves state, 'are the subject of this case.'"); *Wilkinson v. Wells Fargo Bank MN*, 2007 WL 1414888, at *4 (E.D. Wis. May 9, 2007) ("[u]nder the *Rooker-Feldman* doctrine … plaintiff may not ask a federal district court to overturn the state court foreclosure judgment that seems to be at the heart of his complaint"); *Bryan v. Belvidere Nat'l Bank*, 2004 WL 1345096, at *3 (N.D. Ill. June 14, 2004) ("Plaintiffs cannot now claim that [the defendant's] post-litigation conduct in accepting the [foreclosure] judgment gives them a cause of action in federal court. To do so further suggests that [the] plaintiffs' true motive is to overturn the Illinois court's foreclosure judgment, which is precisely the type of review that *Rooker-Feldman* is intended to prohibit."). Because *Rooker-Feldman* disposes of these claims on jurisdictional grounds rather than on the merits, the dismissed is without prejudice. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004).

It is conceivable, though impossible to say with certainty, that Plaintiffs are pursuing some claims that do not rest on a challenge to the state court's foreclosure orders. Those claims (if any) are dismissed with prejudice under Rule 12(b)(6). As noted above, Plaintiffs' original complaint was dismissed for failure to comply with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In response, Plaintiffs filed an equally lengthy, equally dense, and equally incomprehensible

amended complaint. Although "[f]at in a complaint can be ignored" in many circumstances, *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998), where length "make[s] a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter," dismissal is appropriate, *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). *See also Srivastava v. Daniels*, 409 Fed. Appx. 953, 955 (7th Cir. 2011) (affirming dismissal under Rule 8(a) where the "complaint's length and disjointed nature made it impossible for the district court to identify the specific allegations against each defendant and therefore impossible to determine whether any claims had potential merit"); *Griffin v. Milwaukee Cnty.*, 369 Fed. Appx. 741, 743 (7th Cir. 2010) (same); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptionable. Such a complaint fails to give the defendant the notice to which he is entitled.") (internal citations omitted). And where, as here, the plaintiffs have failed to take advantage of an opportunity to remedy the serious Rule 8(a) defects in an initial complaint, dismissal with prejudice is warranted. *See Paul v. Marberry*, __ F.3d __, 2011 WL 3930211, at *3 (7th Cir. Sept. 6, 2011) ("Having been given [a] chance [to file an intelligible complaint after the initial complaint was dismissed under Rule 8(a)], … and having failed to take it, the plaintiff should in each of the three cases have been shut down, his suit dismissed for failure to state a claim; for in each case all the judge was left with was a complaint that, being irremediably unintelligible, gave rise to an inference that the plaintiff could not state a claim. Dismissal under Rule 12(b)(6) was the proper course.") (citing cases); *Bennett*, 153 F.3d at 518 ("It is even possible to justify dismissal with prejudice if the complaint remains incomprehensible after opportunity to amend."). Accordingly, to the extent Plaintiffs are

attempting to pursue claims not barred on jurisdictional grounds by the *Rooker-Feldman* doctrine, those claims are dismissed with prejudice under Rule 12(b)(6).

To summarize, this case is dismissed without prejudice for want of subject matter jurisdiction to the extent it seeks to challenge the state court foreclosure orders or actions taken by Defendants in accordance with those orders, and with prejudice to the extent it attempts to state any other claim or to seek any other relief.

October 11, 2011

_____
United States District Judge